UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SONG ZENG,

        Plaintiff,

        Civil Action No.:

v.

XIN YAO,                                                    COMPLAINT

        Defendant.
------------------------------------------------------------------X

        Plaintiff SONG ZENG (hereinafter referred to as "Plaintiff" or "Zeng"), by and through his attorneys, files this Complaint against Defendant XIN YAO (hereinafter referred to as "Defendant" or "Yao") and says as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this action is conferred upon the Court as this action involves a non-US citizen as Plaintiff and a New York citizen as Defendant, and the amount in controversy is over $75,000.00 pursuant to 28 U.S.C. 1332.

2. Venue is proper in this district based upon the fact that a substantial part of the events giving rise to Plaintiff's claims occurred within the County of New York, the State of New York, within the Southern District of New York. In addition, the parties have stipulated that venue is proper in this district pursuant to a written agreement.

## PARTIES

3. Plaintiff SONG ZHENG is an individual who is a citizen of Canada.

4. Defendant XI YOU is an individual who is a resident in New York, within the Southern District of New York.

## FACTUAL BACKGROUD

5. In 2016, Plaintiff met Defendant on the online social media platform "WeChat".

6. Defendant represented that he was proficient at stock trading and "futures trading," a mechanism of investment.

7. Defendant convinced Plaintiff that this was a great investment and that Plaintiff should invest some money into this venture.

8. Unbeknownst to Plaintiff, this purported investment was a fraudulent scheme set up by Defendant.

9. Defendant was eager to push Plaintiff to transfer money to him. As such, he promised to Plaintiff that Plaintiff would receive very high profits from the investment.

10. Defendant also guaranteed that the investment had zero risk to Plaintiff because in the event of any loss, Defendant would completely bear the loss.

11. Plaintiff trusted Defendants' representations.

12. The Plaintiff and Defendant signed an agreement in Chinese regarding this investment.

13. As part of the agreement, Defendant agreed in writing to bear the loss if the investment were to fail.

14. On or about August 11, 2016, as a result of Defendant's inducement, Plaintiff invested $50,000 with Defendant for the purpose of trading futures.

15. On or about October 11, 2016, Plaintiff invested an additional $100,000 with Defendant for the purposes of future trading, bringing the total investment to $150,000.

16. Unbeknownst to Plaintiff, Defendant did not invest the money on Plaintiff's behalf. Rather, he simply pocked the money that he fraudulently obtained from Plaintiff.

17. Defendant has never provided account statements regarding the investment.

18. In fact, Defendant has never provided a single piece of paper regarding the investment.

19. Plaintiff requested documentation regarding the futures investments. However, Defendant never provided such information.

20. Plaintiff smelled something fishy, and requested to be refunded the investment amount.

21. However, Defendant stated to Plaintiff that the money had been lost.

22. Defendant did not present any proof of this assertion, and to date has not proffered any proof that Defendant has invested Plaintiff's funds into futures trading.

23. Defendant did not invest Plaintiff's money, and in fact completely misrepresented and fabricated the entire investment opportunity.

## COUNT I: FRAUD

24. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs as if fully set forth herein.

25. Defendant told Plaintiff that he was proficient at stock trading and futures trading investment.

26. Defendant misrepresented to Plaintiff that he would invest Plaintiff's money in a stock and/or futures trading investment opportunity.

27. Defendant misrepresented to Plaintiff that the investment would be very profitable.

28. Defendant misrepresented to Plaintiff that he would bear the loss, if any, so that the investment was risk-free to Plaintiff.

29. Defendant subsequently mispresented to Plaintiff that the money was all lost.

30. Defendant knew that the above statements were false when he made those.

31. Defendant made such misrepresentations with the specific intent to defraud the Plaintiff out of money.

32. Plaintiff relied on Defendant's statement that he would invest Plaintiff's money.

33. As a result of Defendant's misrepresentations, Plaintiff has been damaged.

### COUNT II: BREACH OF CONTRACT AND ANTICIPATORY BREACH

34. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs as if fully set forth herein.

35. When Plaintiff demanded Defendant to return the money he invested, Defendant fraudulently represented to Plaintiff that the money was all lost, and that he was unable to return the money.

36. Defendant fraudulently induced Plaintiff to enter into a settlement agreement wherein Defendant would be required to pay only 60% of the principal amount, and Plaintiff would bear 40% of the loss.

37. To the extent that said agreement is deemed enforceable, Plaintiff would have a breach of contract/anticipatory breach claim against Defendant based because Defendant even failed to honor this agreement.

38. The settlement agreement states that Defendant and Plaintiff agree to a return of $90,000 of Plaintiff's investment, with $15,000 already being paid.

39. Pursuant to the settlement agreement, the first payment of $20,000 was to be paid to Plaintiff "no later than March 13, 2018," and the second payment of $55,000 was to be made no later than June 1, 2018.

40. Defendant failed to make the payment on March 13, 2018, and Defendant's conduct implies that Defendant will not be making payment on June 1, 2018.

41. In addition, Defendant breached the initial agreement wherein he guaranteed that he would bear the loss in connection with the investment, by failing to return the money invested by Plaintiff.

## COUNT III: FRAUDULENT INDUCEMENT

42. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs as if fully set forth herein.

43. Based on the foregoing, Defendant fraudulently induced Plaintiff to enter into a series of agreements regarding the investment and the subsequent settlement of the dispute.

44. Step by step, Defendant fraudulently induced Plaintiff to enter into these agreements based on Defendant's misrepresentations of material facts which Defendant knew to be false.

45. Defendant made those misrepresentations with the intention of inducing reliance of Plaintiff.

46. Plaintiff reasonably relied upon Defendant's misrepresentations, which caused injury to Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for a judgment in his favor, awarding to Plaintiff:

A. Compensatory damages in an amount to be determined at trial;

B. Consequential damages;

C. Punitive damages;

D. Interest;

E. Attorney's fees and costs; and

F. Such other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

|  |  |
|---|---|
| Dated: New York, New York<br>April 26, 2018 | **HENG WANG & ASSOCIATES, P.C.**<br><br>_____<br>Heng Wang (HW0786)<br>305 Broadway, Suite 1000<br>New York, NY 10007<br>T: (212) 513-1183<br>F: (646) 572-8998<br>heng.wang@wanggaolaw.com<br><br>*Attorneys for Plaintiff* |